IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: James W. Tipton III | : | |
| Debtor | : | Chapter 13 |
| | : | |
| | : | Case No: 16-02432 MDF |
| ACNB BANK | : | |
| Movant | : | |
| v. | : | Answer to Motion for Relief |
| | : | |
| James W. Tipton III | : | Relating to Docket # 22 |
| Respondent | : | |
| | : | |
| Charles J. DeHart, III, Standing Trustee | : | |

## ANSWER TO MOTION FOR RELIEF FROM AUTOMATIC STAY

**AND NOW**, comes the Debtor, James W. Tipton III, by and through his attorney, Timothy L. Czekaj and Scaringi & Scaringi, P.C., and files this answer to the Motion for Relief from Stay and avers as follows:

1. ADMITTED.

2. ADMITTED.

3. ADMITTED.

4. ADMITTED.

5. ADMITTED.

6. ADMITTED.

7. ADMITTED.

8. Exhibit A speaks for itself. The averment is denied to the extent that it insinuates Debtor is in breach of the loan agreement. Strict proof is demanded at the time of trial.

9. The Note speaks for itself. The averment is denied to the extent that it insinuates Debtor is in breach of the loan agreement. Strict proof is demanded at the time of trial.

10. The Note speaks for itself. The averment is denied to the extent that it insinuates Debtor is in breach of the loan agreement. Strict proof is demanded at the time of trial.

11. Exhibit B speaks for itself. The averment is denied to the extent that it insinuates Debtor is in breach of the loan agreement. Strict proof is demanded at the time of trial.

12. ADMITTED.

13. DENIED. It is denied that Debtor has failed or refused to make payments for the stated time period. Strict proof is demanded at the time of trial.

14. DENIED. It is denied that Debtor has failed or refused to make payments for the stated time period, and that the instant Motion entitles Movant to counsel fees. Strict proof is demanded at the time of trial.

15. After reasonable investigation, Debtor is without knowledge or information sufficient to form a belief as to what Movant is seeking. Strict proof is demanded at the time of trial.

16. After reasonable investigation, Debtor is without knowledge or information sufficient to form a belief as to the belief of Movant. Strict proof is demanded at the time of trial.

17. After reasonable investigation, Debtor is without knowledge or information sufficient to form a belief as to the purpose of Movant's requests. Strict proof is demanded at the time of trial.

18. After reasonable investigation, Debtor is without knowledge or information sufficient to form a belief as to the potential harm suffered by Movant. Strict proof is demanded at the time of trial.

19. This averment is a conclusion of law to which no response is necessary. Should a response be deemed necessary, it is denied that Rule 4001(a)(3) is not applicable.

**WHEREFORE**, the Debtor herein, respectfully prays that this Honorable Court deny the Motion for Relief from the Automatic Stay.

Respectfully Submitted:

Date: November 3, 2016

/s/ Timothy L. Czekaj
Timothy L. Czekaj, Esq.
Attorney ID# 210165
Scaringi & Scaringi, P.C.
14 S. 2nd Street
Newport, PA 17074
(717) 567-0380
timothy@scaringilaw.com
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: James W. Tipton III : | | |
| Debtor : | | Chapter 13 |
| : | | |
| : | | Case No: 16-02432 MDF |
| ACNB BANK : | | |
| Movant : | | |
| vi. : | | Answer to Motion for Relief |
| : | | |
| James W. Tipton III : | | Relating to Docket # 22 |
| Respondent : | | |
| : | | |
| Charles J. DeHart, III, Standing Trustee : | | |

## CERTIFICATE OF SERVICE

I, Ann Aumiller, Paralegal for Scaringi & Scaringi, P.C., do hereby certify that I have served to the parties listed below, a copy of the Debtors Answer to Motion for Relief from the Automatic Stay. Service was accomplished by placing the same in the United States Mail, first class, postage prepaid and addressed as follows on the following:

James W. Tipton III
302 Westminster Avenue
Hanover, PA 17331

Service was accomplished via ECF on the following:

Charles J. DeHart, III Esq.          Craig S. Sharnetzka, Esquire
Chapter 13 Trustee                    CGA Law Firm
8125 Adams Drive, Suite A             135 North George Street
Hummelstown, PA 17036                 York, PA 17401

Office of US Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

DATE: November 3, 2016                /s/ Ann Aumiller
                                       Paralegal